COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judge Bumgardner and Senior Judge Hodges


NEWPORT NEWS SHIPBUILDING
 AND DRY DOCK COMPANY

MEMORANDUM OPINION*

v.        Record No. 1782-03-1                    PER CURIAM
                                                  DECEMBER 23, 2003

ELAINE LEONA BAILEY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Jonathan H. Walker; Mason, Mason, Walker & Hedrick, P.C., on
brief), for appellant.

(Matthew H. Kraft; Rutter Mills, L.L.P., on brief), for appellee.


Newport News Shipbuilding and Dry Dock Company (employer) contends the Workers'

Compensation Commission erred in refusing to (1) retroactively modify Elaine Leona Bailey's

(claimant) open award of temporary total disability (TTD) benefits as of February 1, 2002, the

date claimant returned to light-duty work, and allow employer a credit against future

compensation; and (2) allow employer to take a credit pursuant to Code § 65.2-520 for

overpayments of compensation made to claimant from February 1, 2002 through October 17,

2002.  Upon reviewing the record and the parties' briefs, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

The facts are undisputed.  On December 20, 2001, a deputy commissioner awarded

claimant medical benefits and TTD benefits beginning November 22, 2000 and continuing based

upon a pre-injury average weekly wage of $553.79, with respect to her compensable

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

occupational disease of bilateral carpal tunnel syndrome. The full commission affirmed the deputy commissioner's award on September 16, 2002.

On November 12, 2002, employer filed an application alleging claimant had returned to light-duty work on January 30, 2002 and seeking a "change of an outstanding award for temporary total or temporary partial." The evidence showed that employer had paid TTD benefits to claimant through October 17, 2002, pursuant to claimant's open award.

Claimant submitted wage information indicating that she earned a post-injury average weekly wage of $78.09, beginning February 1, 2002.

The deputy commissioner ruled that employer was not entitled to retroactive modification of claimant's open award for TTD benefits because employer did not allege that claimant failed to report her return to work or any increase in earnings to employer. The deputy commissioner concluded that employer was entitled to a modification of the TTD award to an award of temporary partial compensation as of October 18, 2002, the date that employer stopped paying TTD benefits to claimant.[1]

The full commission affirmed the deputy commissioner's decision. In so ruling, the commission found as follows:

> [T]o be entitled to a credit pursuant to § 65.2-520, an employer must show it made payments to the claimant which "were not due and payable when made." Here, the claimant was under an open award for [TTD] compensation when she was paid temporary total benefits from February 1 through October 17, 2002. Therefore, the payments, which were made to the claimant during this time period, were "due and payable when made" and § 65.2-520 does not apply.
>
> Moreover, the Deputy Commissioner did not err when he concluded that he lacked the authority to retroactively modify the claimant's open award pursuant to Code §§ 65.2-708 and 65.2-712

---

[1] We note that employer does not challenge the commission's factual finding that employer stopped paying TTD benefits to claimant as of October 18, 2002. Accordingly, that finding is binding and conclusive upon us on appeal.

- 2 -

since there is no evidence that the claimant misrepresented or
failed to report her earnings.

(Footnote omitted.)

### Retroactive Modification of Open TTD Award

Code § 65.2-712 provides in pertinent part as follows:

> So long as an employee . . . receives payment of
> compensation under this title, any such person shall have a duty
> immediately to disclose to the employer, when the employer is
> self-insured, or insurer in all other cases, any . . . return to
> employment [or] increase in his earnings . . . .  Any payment to a
> claimant by an employer or insurer which is later determined by
> the Commission to have been procured by the employee . . . by
> fraud, misrepresentation, or failure to report any . . . return to
> employment [or] increase in earnings . . . may be recovered from
> the claimant . . . by the employer or insurer either by way of credit
> against future compensation payments due the claimant . . . or by
> action at law against the claimant . . . .

Here, employer made no allegation and presented no evidence that claimant failed to

report a return to work or increase in earnings.  Thus, Code § 65.2-712 was not applicable to

allow a credit against future compensation for any benefits paid by employer from the date

claimant returned to light-duty work until employer stopped paying benefits.  In addition, no

language contained in this code section, Code § 65.2-708, or Rule 1.4(C)(1) of the Rules of the

Virginia Workers' Compensation Commission gives the commission the authority to

retroactively modify an open award of compensation benefits under the facts of this case.

### Code § 65.2-520 Credit

Code § 65.2-520 provides as follows:

> Any payments made by the employer to the injured
> employee during the period of his disability, or to his dependents,
> which by terms of this title were not due and payable when made,
> may subject to the approval of the Commission, be deducted from
> the amount to be paid as compensation, provided that, in the case
> of disability, such deductions shall be made by reducing the
> amount of the weekly payment in an amount not to exceed

> one-fourth of the amount of the weekly payment for as long as necessary for the employer to recover his voluntary payment.

During the period from February 1, 2002 through October 17, 2002, an open award order existed in favor of claimant, which required employer to make ongoing payments of TTD benefits to claimant. Thus, during that time period, TTD benefits paid by employer were, by the terms of the Workers' Compensation Act, due and payable when made. Accordingly, Code § 65.2-520 was not applicable to allow a credit against future compensation in this case.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>